**FILED**

UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

NOV - 5 2024

MITCHELL R. ELFERS
CLERK OF COURT

AO 108 (Rev. 06/09)  Application for a Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| | ) |
| $16,645 | ) |
| | ) |

Case No. 24MR2051

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the _____ District of

New Mexico _____ is subject to forfeiture to the United States of America under ___31___ U.S.C. §

___5332(a)___ *(describe the property)*:

$16,645

The application is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Applicant's signature*

James P Scott Special Agent FBI
*Printed name and title*

Sworn to before me ~~and signed in my presence.~~ via telephone.

Date: 11/5/2024

_____
*Judge's signature*

City and state: Las Cruces NM

US Magistrate Judge Kevin R Sweazea
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, James P Scott, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Federal Bureau of Investigation (FBI) Special Agent currently assigned to the Albuquerque Division, Las Cruces Resident Agency and work closely with Las Cruces/Dona Ana Metro Narcotics (Metro Narcotics). I have been employed as a Special Agent of the FBI since January 2021. I am classified, trained, and employed as a federal law enforcement officer with statutory arrest authority charged with conducting criminal investigations of alleged violations of federal criminal statutes, including Title 18 and 21 of the United States Code.

2. I am familiar with the facts and circumstances of this investigation. The information set forth in this affidavit has been derived from my own investigation or communicated to me by other sworn law enforcement officers or reliable sources. Because this affidavit is being submitted for the limited purpose of proving probable cause, I have not included details of every aspect of the investigation.

### PROPERTY TO BE SEIZED

3. This Affidavit is in support of an Application for a Seizure Warrant for: **approximately $16,645 in U.S. currency** (hereinafter referred to as "Subject Currency"), which is currently in law enforcement evidence.

## STATEMENT OF PROBABLE CAUSE

4.  On October 8, 2024, a Las Cruces Police Department/Metro Narcotics Interdiction
    Officer who is Deputized in Otero County as well as a Task Force Officer (TFO) with the
    FBI had been investigating a 2016 Mazda CV5, Mexico State of Chihuahua license plate.
    Based on the TFO's extensive training and experience with drug, bulk cash, and firearms
    interdictions, the TFO believed that there was a high probability that the vehicle was
    involved in illegal activity. The TFO observed the vehicle conduct three different traffic
    violations on Hwy 54, North of Tularosa, New Mexico.

5.  The TFO conducted a traffic stop on the Mazda based on the traffic violations.

6.  The driver of the vehicle was later identified as Brian Antonio Atilano (Atilano).  Atilano
    gave the TFO written and verbal consent to search the vehicle and the TFO conducted a
    search of the vehicle.

7.  During a search of the vehicle the TFO discovered obvious signs of alterations to a
    natural void in the vehicle that could be used to conceal contraband. Based on the TFO's
    knowledge and experience they know that criminals use such hidden compartments to
    hide drugs, money, and/or firearms to avoid being discovered by law enforcement. When
    the TFO gained access to the hidden compartment they observed a large amount of bulk
    U.S. Currency. At this point the TFO contacted a supervisor and the FBI, and I responded
    to assist with searching the vehicle and interviewing the subject. Approximately $16,645
    in bulk U.S. currency held in a plastic vacuum sealed bag.

8.  The TFO conducted an interview with Atilano. After being notified of the identity of the
    interviewers and being read his *Miranda* rights, Atilano agreed to speak with the

interviewers without a lawyer present and signed an advice of rights form. During the interview Atilano admitted that he was driving from Denver, Colorado to El Paso, Texas. When asked why he appeared to be nervous, Atilano admitted he knew that having more than $10,000 in cash had to be declared at the border. The TFO asked whether or not he was going to declare anything when he crossed the border to which Atilano replied, no.

9. When asked why Atilano had the bulk cash hidden in his vehicle, Atilano changed stories multiple times. Atilano stated he got the money from the sale of a vehicle, and he received the cash from a person outside of a motel. Atilano then claimed he received the cash from an unknown male and that same male placed it inside of the rear seat, where it was found by the TFO. Atilano stated he was supposed to turn the cash over to a different unknown male in El Paso, Texas. Atilano did not have a name, address, meeting location or time to drop off the cash. Atilano stated the cash was not his. Atilano stated he did not know the make, model, or year of the vehicle that was sold, or who it was sold to. He stated he just drove to Denver, Colorado to pick up the cash from the sale. Atilano agreed the way the money was sealed and hidden was not normal. The TFO asked Atilano why the cash was sealed and hidden that way, and Atilano stated "because it is more than $10,000." Atilano admitted the total amount was $15,000. The fact this was close to the exact amount in the sealed package indicates that Atilano knew how much money was sealed in the bag.

10. Atilano stated he did not know how much he would get paid for delivering the money, he was supposed to be notified how much he would be paid later, after the delivery. Atilano admitted during the interview that he knew smuggling bulk cash was illegal. Then,

Atilano stated he received the cash from his cousin. Atilano changed his story about when he entered the US and where he stayed. Atilano said he gave different answers during the traffic stop because he was nervous. He stated he was nervous because of the amount of cash he had in the car.

11. 18 U.S.C. § 5332(a) provides in pertinent part that whoever, with intent to evade the reporting requirement under section 5316, knowingly conceals more than $10,000 in currency….in any conveyance….transports or transfers or attempts to transport or transfer such currency…. from a place within the United States to a place outside the United States, shall be guilty of a currency smuggling offense….

12. 18 U.S.C. § 5332(c)(1) provides that any property involved in a violation of subsection (a) or a conspiracy to commit such violation…may be seized and forfeited to the United States.

13. Based on the facts and circumstances contained herein, I believe that there is probable cause to establish that the Subject Currency was involved in a violation of 31 U.S.C. § 5332(a). As such, I believe the Subject Currency may be seized and forfeited to the United States.

14. This affidavit was reviewed by Assistant United States Attorney Kirk Williams.

Respectfully submitted,

James P Scott
Federal Bureau of Investigation Special Agent

Page 4

24 MR 2051

Electronically submitted and telephonically
sworn to before me on November _____5th_____, 2024:

_____

Kevin R. Sweazea
United States Magistrate Judge